People in the State of Illinois v. Freddie Davis Mr. Evers, please proceed when you're ready. Good morning, Your Honors. This is the case of People v. Freddie Davis. He was convicted of burglary. We raised three issues in our brief, but I intend to discuss only the Batson issue contained in Argument 2 unless the Court has some questions about either the reasonable doubt argument or whether the MSR term should be two years and not three. Turning to Issue 2 of the brief, whether a new trial must be granted because of the U.S. Supreme Court's decision in Batson v. Kentucky and that the defendant, Freddie Davis, was deprived of equal protection because the prosecutor exercised a periphery challenge to a potential African-American juror by the name of Jeshon Green and that it was pretextual as to the reasoning. What occurred in this case is that the prosecutor did challenge and strike juror Jeshon Green and immediately the defense counsel objected, saying that the Court should, under Batson, ask for some kind of rationale for this. The Court accepted that and immediately turned to the prosecutor and asked why the prosecutor was striking Jeshon Green. She was a perfectly acceptable juror in all kinds of ways. There was nothing that I read that would indicate that she would not be fair and impartial and he did render a fair verdict. The prosecutor started out and tried to justify the strike by saying that Green had or did not come forth with the misdemeanor disorderly conduct that she had and that the prosecutor was concerned about that. The judge immediately noted that the prosecutor did not ask her any questions about that and that he wasn't accepting that rationale. Then the prosecutor then moved on and abandoned that kind of claim. The State, in its brief, would like to resurrect that and say that the judge was just wrong about that. We would argue to this Court that the State abandoned any further claim about that by moving on and not saying that that is a valid reason and even though you've rejected it, we don't want to abandon it. They just moved on. The prosecutor then noted and tried to justify its strike because Green was a single mother and had a toddler child and the Court accepted that pretty quickly. The unfortunate thing, I believe, for this case is that that rationale, that reason stated by the prosecutor, while facially race neutral, is simply the same kind of pretextual reason that the judge had just rejected previously. If the prosecutor were actually worried about the child care situation of the potential juror, Judge Sean Green, the prosecutor would have been asking questions about that, would have been asking, will this cause you any problems? Are you able to make child care commitments? Are you going to be worried about that? The prosecutor simply did not ask any questions about that. It is just using this as a pretext. Green had a job. Presumably, she is making child care available and not just leaving her child in for him or herself without being taken care of. Consequently, there's really no reason to believe that she's going to be any more distracted, worried, unable to fulfill her duties as a juror than she would in any other day that she went to her job. Consequently, we believe that this was simply a pretext to get rid of this only potential African-American juror, which is a denial of equal protection under Batson. Consequently, we would ask your honors to re-person, remand for a new trial. Any questions, your honors? I have no questions. Thank you. Mr. Anahan. May it please the court, counsel. My name is Sharon Shanahan. Mr. Daly wrote briefs in this case. However, he had spinal surgery on Tuesday, so I will be presenting the argument on behalf of the state. I will first address defense counsel's Batson claim. As we are all aware, Batson claims have a three-step analysis. First, the moving party has to show a perimetry challenge on the basis of race, at least some basis for it. The second step is the prosecutor is required to come up with a race-neutral reason. I think the first objection I would have to what the defendant has argued before this court today is he says that the prosecutor has to justify his reasons. He doesn't have to justify them. He has to state a comprehensible reason. It doesn't have to be persuasive. It doesn't have to be plausible. It simply has to be race-neutral. He does not have to justify it. Finally, the third step is the court has to decide whether the moving party, in this case, defendant, has sustained his burden of proof. The prosecutor was not required to establish anything. It was the defendant's burden to determine whether defendant had carried his burden of proof. Now, in this case, the prosecutor stated two reasons for striking this juror. The first was that she did not disclose a misdemeanor disorderly conduct charge. The court rejected the reason, but its reasons for doing so were wrong, and they were not justified. The prosecutor pointed out that the juror did not come forward with the fact that she had this misdemeanor disorderly conduct charge, and the court accused the prosecutor of failing to ask her about any criminal cases, but the court apparently forgot that in Laudere he himself had asked the potential jurors whether they or a close family member had been charged with a crime. He did slightly soften the question by saying a felony or a serious misdemeanor. Nonetheless, the trial court asked the question, and this juror did not say anything, and the prosecutor was aware of this charge. There is nothing that says that in defending a strike under Batson that the prosecutor is required to, before the strike is even made, follow up on what he believes is a valid reason to strike a juror. In fact, in People v. Kitchen, our Supreme Court has noted that concealment of a criminal charge is considered to be a race-neutral reason for exercising a periphery challenge. So the prosecutor had a good reason to exercise this challenge on the basis of not disclosing this misdemeanor charge, and the trial court's rejection of that reason was not valid, and the state's attorney did not abandon this charge. He simply went on to discuss the—now, I should qualify something slightly here. I have not read the record in this case, but I'm relying on Mr. Daly's brief and notes. He did not abandon it. He simply went on to discuss his second reason, and I would further note that this court can affirm on any basis supported by the record if the prosecutor's reason for striking this juror as a Batson because he did not disclose this criminal charge, then that's a good reason. Whether the trial court found it to be a good reason or not is immaterial. In regard to his second reason for striking this juror, he noted that she was a single mother with a toddler child, and she might be distracted over the course of the two-day trial. Now, she was the only juror with a young child who did not have a spouse who could be assumed to take care of that child. It's not the prosecutor's—again, it's not the prosecutor's burden to prove that the juror could make plans. The prosecutor may have had a recurring problem with this situation and just doesn't want single mothers with toddler children on his jury, and that's a good enough reason. That is a race-neutral reason. He is not required to bolster the strike with more evidence than what he has at hand. In Perkett v. Elam, our United States Supreme Court stated that unless discriminatory intent is inherent in the prosecutor's explanation, then the reason offered will be deemed race-neutral. So the prosecutor presented two valid reasons for striking this juror. One, that she had not disclosed her prior misdemeanor charge, and two, that she was a single mother with a toddler child. Now, defense counsel says, well, she had a job, so clearly she could make these arrangements every day. We all know that there's no way for a trial court to know in advance how long a trial's going to last. There's no way for the prosecutor to know that. We've all seen cases where they were close to finishing, and therefore they stayed until 6, 7 o'clock. Particularly if something's sent to the jury, they're not going to stop deliberations at 5 o'clock because the juror has to pick up a child from daycare. So, again, this is a reasonable reason, even if she did have a job that did require her to make some kind of arrangements. Again, I would notice that this doesn't have to be a good reason. It doesn't have to be a plausible reason. It doesn't have to be a persuasive reason. I would direct this court to page 19 of the state's brief, where there's a list of a number of reasons for a peremptory trial that have been upheld. Unemployment, status as a renter, being a student, having long, unkempt hair, being immature, wearing a hat. All of them, do they justify a strike? Are they reasonable? They don't have to be. They have to be race neutral. I would also note that the defendant's brief says that the prosecutor's actions were simply a pretext to remove the only African American that had any chance of serving on the jury. At page 90 in the record, it establishes that Henry Holmes, juror number 181, was described without any rebuttal as an African American female person, and she ultimately did serve on the jury. So there was a black person on the jury. So to say that she was the only African American, that this prosecutor was the only African American that had any chance of serving on the jury is simply not true. I think I would be remiss if I did not briefly address this court's decision in Peoples v. Richardson, which deals with the first issue on appeal, since that case was cited to this court as additional authority on the issue of remaining within. In particular, whether there is a requirement of secretion that the person has to go hide, so to speak. In the state's answer brief, they discuss, at length, Peoples v. Glover. And in the reply brief, the defense counsel says, nearly 50 years after the adoption of the criminal code, the state is not able to cite to any case construing the burglary statute in the manner it would like, except Peoples v. Glover. The lack of cases supporting this point indicates a common understanding in the legal community that there has to be more for a conviction of burglary than the formation of an intent to commit theft while within the building.  Shortly thereafter, this court issued its decision in Peoples v. Richardson, and in that decision, this court stated, contrary to defendant's contentions, evidence of hiding or secreting until a store closes is not required to sustain a conviction for burglary by remaining. That's Peoples v. Richardson in paragraph 17. This court found Glover analogous and controlling. In Richardson, the defendant entered an area for employees only and stole tickets, and this court found that to be remaining within with no requirement that they be secreted. In Peoples v. Glover, the defendant had simply gone to a church, was allowed into the church and told to remain in a certain area, and he moved to a different area of the church, just another part of the building, and the Glover court said that his continued presence in another location in the church for the purpose of committing a theft constituted the act of remaining. There are no other questions? Thank you. Any rebuttal? Yes, ma'am. Thank you. Is there any evidence in the record to indicate that there were any non-African Americans with toddlers that were left on the jury? I'm sorry, Your Honor, would you? That's why I wrote it down. I think I got the question correct. But I mean the race-neutral thing. Was there anybody who was not African American who was under the same circumstances that was left on the jury? I don't believe so, Your Honor. I believe from what I recall of the jury selection process, there were people who had young children, but they were all married, and I don't believe that they had anybody else as a single mother. There might have been a single father. I did not. And that gets into how you're balancing things about whether men are more capable of child rearing than women. Okay. Certainly she was a young mother, but, again, it goes back to what is the prosecutor doing about this alleged concern during the jury ordeer? And asking this particular juror, is this going to be a problem? The prosecutor, she just did not do that. She did not even ask the juror whether she wanted to get off of the jury and that it would be a burden. She did not do any of that. She just wanted to get rid of this juror. And the subjective explanations by a prosecutor just have to be closely scrutinized because they can be easily a pretext. And we believe that it's a pretext in this case. In the argument by Ms. Shanahan, she was talking about that there might have been some African American who served on the jury. I would just point out to this court on page 13 of our brief, in the first full paragraph, I cite to a number of pages in the record showing that the jury did not contain any African Americans. There was one potential juror that they discussed, and everybody agreed that that potential juror had no possibility of being a juror. It was just far down the line, and they would never get to that person. And Ms. Shanahan also talked about wanting to bring back that the judge was just wrong about the disorderly conduct question. But that is something that had to be really clarified about whether she had a disorderly conduct conviction charge, why she might have forgotten about it. This is all very easily explained if the prosecutor really is concerned about that and not just concerned about the race question. Consequently, we would ask your honors to reverse and remand on this point. Unless the court has any questions about that Richardson case, I really have no interest in talking about it. Thank you. Thank you. Thank you both for your arguments, and we will take the matter under advisement and try to provide you with an order on the earliest possible date. Thank you.